Presby v. Clavet, et al.                  CV-00-457-M    08/09/01
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Presby Construction, Inc.
     Plaintiff

     v.                                   Civil No. 00-457-M
                                          Opinion No. 2001 DNH 146
Normand Clavet, Tom Caouette,
Geo-Flow, Inc., and Geo-Flow
Leaching System, Inc.
     Defendants


                          **O R D E R**


     Defendants move to dismiss this copyright infringement

action for failure to state a claim, see Fed. R. Civ. P.

12(b)(6),  contending plaintiff's allegedly copyrighted handbook

is not an original work (document no. 4).  They assert that, in

the context of a 1995 patent infringement, breach of contract,

and unfair competition action brought by Geo-Flow, Inc.,

(defendant in the present action) against Presby Construction,

Inc. (plaintiff in the present action), plaintiff admitted during

a temporary restraining order and preliminary injunction hearing

("TRO hearing") that the handbook is a "'cookie cutter' document

prepared to conform to specific state regulatory requirements."

In support of their motion, defendants attach a copy of the TRO hearing transcript.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

Generally, matters outside the complaint are not considered when ruling on a motion to dismiss. However, there is a limited exception allowing the court to consider "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint." See Watterson v. Page, 987 F.2d 1, 3 (1st Cir.

1993).  Under this exception, defendants ask the court to take judicial notice of plaintiff's testimony in the prior proceeding. See Fed. R. Evid. 201.  Defendants' request, however, is beyond the scope of judicial notice because it seeks notice of the truth of the statements, not just the fact that the statements were made.  See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992); FDIC v. O'Flahaven, 857 F. Supp. 154, 157 (D.N.H. 1994); see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 427 n.7 (3d Cir. 1999) ("We have held that a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.").  While the court may take notice of the fact that plaintiff's prior testimony is arguably inconsistent with his current averments, in order for the court to consider plaintiff's prior testimony as establishing facts (i.e. as admissions), the motion to dismiss must be converted to one for summary judgment.  See Southern Cross, 181 F.3d at 427 n.7.  The court declines to do so. Accordingly, since they have offered no other basis for dismissal, defendants' motion to dismiss (document no. 4) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 9, 2001

cc:   Douglas L. Ingersoll, Esq.
      Daniel J. Mitchell, Esq.